UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ABRAHAM MACIAS, | ) | |
| Institutional ID No. 33007-044, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:13-CV-160-BG |
| K. DIXON, | ) | ECF |
| Warden, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Plaintiff Abraham Macias filed this action complaining of events that occurred during his incarceration at the Giles W. Dalby Correctional Facility (Dalby Facility), a private correctional facility operated by Management Training Corporation pursuant to a contract with the Federal Bureau of Prisons (BOP). Macias claims that the Defendants acted with deliberate indifference to his serious medical needs during his incarceration at the Dalby Facility. He seeks damages and injunctive relief.

The United States District Court transferred this case to the undersigned United States Magistrate Judge for further proceedings. The undersigned thereafter reviewed authenticated records from the Dalby Facility and conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985). The undersigned provided Macias with an opportunity to consent to the jurisdiction of the United States Magistrate Judge, but Macias did not consent. Pursuant to the order of transfer, the undersigned now files this Report and Recommendation.

**I.      Standard of Review**

A court must dismiss a complaint filed *in forma pauperis* by a prisoner if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (2013).  A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged.  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  A complaint lacking an arguable basis in fact rests upon clearly baseless factual contentions, while a complaint lacking an arguable basis in law rests upon indisputably meritless legal theories.  *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  In reaching a frivolous determination, the court may consider reliable evidence such as the plaintiff's allegations, sworn testimony obtained at a *Spears* hearing, and authenticated prison records.  *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991).

**II.     Macias's Claims**

Macias claims that Warden Dixon, Health Service Supervisor Quintana, Nurse Practitioner Medford, and other unnamed medical staff at the Dalby Facility failed to provide him with adequate medical care.  Specifically, Macias disagrees with the decision to forgo surgical removal of a cyst, which he was previously told would be removed.  At the *Spears* hearing, Macias testified that the cyst cleared up on its own approximately six months prior to the hearing.  In addition, Macias complained of the decision to remove an ingrown toenail that has not since grown back and the delay in his requested removal of a piece of the nail that was left intact.  Finally, Macias stated that he would like to be examined by a medical specialist concerning his chronic health conditions, which include asthma, high blood pressure, and thyroid problems.

**III.     Discussion**

As an initial consideration, Macias filed his Complaint on a form used for claims brought pursuant to 42 U.S.C. § 1983. Section 1983 "provides a cause of action against state actors who violate an individual's rights under federal law." *Filarsky v. Delia*, - - -U.S.- - -, 132 S. Ct. 1657, 1660, 182 L. Ed. 2d 662 (2012). None of the defendants named by Macias are state actors. Courts, however, must hold a *pro se* litigant's complaint to less stringent standards than a lawyer's formally drafted pleading. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Because Macias complains of constitutional violations that allegedly occurred during his incarceration as a federal prisoner, the court construes his claims as brought pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *See Stephenson v. Reno*, 28 F.3d 26, 26 n.1 (5th Cir. 1994) (construing a federal prisoner's civil rights complaint as an action brought pursuant to *Bivens*).

Similar to a suit brought pursuant to § 1983 against state actors, the United States Supreme Court in *Bivens* first recognized a cause of action for money damages against federal officials alleged to have committed constitutional violations. *Bivens*, 403 U.S. at 389. The purpose of *Bivens* is to deter, by threat of suit, individual federal officers from abusing their constitutional authority and engaging in unconstitutional acts. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001). However, where existing processes—such as state and federal tort claims, suits for injunctive relief, or prison administrative procedures—provide for formal review of prison practices and remediation, the Supreme Court has been hesitant to extend *Bivens* liability. *See id.* at 72–74 (declining to extend *Bivens* to allow an implied damages remedy against

3

private entities acting under color of federal law; for example, a privately-operated federal prison).

Specifically, the Supreme Court declined to imply a *Bivens* action against personnel of a privately-operated federal prison where state tort law provided an adequate alternative remedy for the claimed Eighth Amendment violations. *See Minneci v. Pollard*, - - -U.S.- - -, 132 S. Ct. 617, 623–26, 181 L. Ed. 2d 606 (2012). Thus, a federal prisoner bringing suit for damages against employees of a privately-operated federal prison must look to state tort law for redress when the conduct at issue falls within its scope. *See id.* at 626. The remedies available through *Bivens* and state tort law "need not be perfectly congruent" so long as they "provide roughly similar incentives for potential defendants to comply with the Eighth Amendment" and "roughly similar compensation to victims. . . ." *Id.* at 625.

In the instant case, Macias alleges that employees of a privately-operated federal prison denied him adequate medical care. Under Texas law, inmates may pursue medical malpractice claims against prison healthcare providers. *See Tejada v. Gernale*, 363 S.W.3d 699, 701 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (denying summary judgment and allowing a former inmate's medical malpractice action to proceed); *see also Gibson v. Tolbert*, 102 S.W.3d 710, 713 (Tex. 2003) (holding inmate not entitled to appointed counsel in medical malpractice suit). Further, Texas law permits a prisoner alleging Eighth Amendment violations to bring an action for monetary damages against a prison employee. *See Birdo v. Debose*, 819 S.W.2d 212, 215–16 (Tex. App.—Waco 1991, no writ). Because Texas tort law provides an adequate alternative remedy, *Bivens* does not authorize Macias's action for damages against the defendants who are employed at the Dalby Facility. *See Minneci*, 132 S. Ct. at 626.

Macias's claims for injunctive relief, on the other hand, are not barred under *Bivens* or

4

*Minneci*. *See Malesko*, 534 U.S. at 74 (distinguishing the *Bivens* remedy from suits for injunctive relief, which have "long been recognized as the proper means for preventing entities from acting unconstitutionally"). Federal inmates may sue to enjoin prison officials from violating their constitutional rights. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (construing federal inmate's *pro se* complaint as "requesting injunctive relief from violation of his federal constitutional rights"). Courts have applied the same substantive jurisprudence to a prisoner's claims regardless of whether the challenged conduct allegedly occurred under color of state law or under color of federal law. *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

Under the Eighth Amendment, prison officials have a duty to provide adequate medical care. *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). To allege a constitutional violation, an inmate must show that the prison official acted with deliberate indifference toward his serious medical needs, resulting in an unnecessary and wanton infliction of pain. *Id*. Deliberate indifference includes both an objective and a subjective component. *Id.* at 410. The inmate must show objective exposure to a substantial risk of serious bodily harm. *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006). Once established, a prison official may be held liable if he (1) knew of the substantial risk of serious harm and (2) disregarded that risk by failing to take reasonable measures to alleviate it. *Id.* In sum, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

In this case, Macias claims that the Dalby Facility's medical staff denied him constitutionally adequate medical care. At the *Spears* hearing, Macias testified that despite assurances from Warden

5

Dixon and Health Supervisor Quintana, his medical complaints have not been appropriately addressed. Macias testified that he had to wait, sometimes up to thirty days, for his prescriptions to be filled. He further testified that, besides Warden Dixon, Supervisor Quintana, and Nurse Practitioner Medford, he could not identify the other individuals responsible for violating his constitutional rights because everyone in the medical clinic shifted blame to someone else. Specifically, Macias complains of the refusal to authorize the surgical removal of a cyst. Macias testified that the cyst formed approximately two years ago but broke and resolved on its own about six months prior to the hearing, before he could undergo the procedure. According to authenticated medical records from the Dalby Facility, Macias underwent an ultrasound of his scrotum after complaining of a left testicular mass. The ultrasound report revealed a four millimeter cyst in the head of Macias's left testicle, but no internal masses. The medical records indicate that Macias was reassured by an offsite physician that the cyst was benign and that no further treatment was required.

Although at one point Macias signed a surgical consent form, the administrative records state that the decision was made to abstain from removing the cyst due to its location and the high risk for other infections. Macias has not presented any evidence that the failure to remove the cyst presented any risk, let alone a substantial risk, to his health. *See McCarty v. McKellar*, No. 2:06CV4-KS-MTP, 2007 WL 3225360, at *4 (S.D. Miss. Oct. 29, 2007) (dismissing inmate's complaint asserting inadequate medical care due to the failure to perform elective surgery to remove a testicular cyst absent emergency or malignancy). Macias's claim consists solely of his belief that the doctors were wrong in their opinion that surgery was not warranted. Lacking exceptional circumstances, however, an inmate's disagreement with his course of treatment does not constitute deliberate indifference. *See Gobert*, 463 F.3d at 346 (noting a showing of deliberate indifference

6

requires evidence of wanton disregard for serious medical needs, such as ignoring an inmate's complaints, refusing treatment, or intentionally providing improper treatment). Further, to the extent that Macias believes his doctors have committed negligence or medical malpractice, state court rather than federal court is the proper forum. *See Vargas v. Joe Corley Det. Facility*, No. H–11–1963, 2012 WL 6042201, at *4 (S.D. Tex. Dec. 4, 2012) (dismissing plaintiff's *Bivens* claims for improper medical care against a privately-operated detention facility and its employees and stating that plaintiff must instead pursue his claims under state tort law).

In addition, Macias complains of events surrounding the removal of an ingrown right toenail that has not yet grown back. Macias claims that a small piece of the nail remains, but despite his requests, the medical staff has not yet removed the remaining portion of the nail. *Cf. Fear v. Diboll Corr. Ctr.*, 582 F. Supp. 2d 841, 845 (E.D. Tex. 2008) (expressing doubt as to whether a fungal infection of the nail constitutes a serious medical need). The authenticated medical records indicate that Macias was placed on a waiting list for the removal of the additional piece of nail. Delay in medical care is actionable as an Eighth Amendment violation, however, only to the extent that the delay constitutes deliberate indifference and results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *see also Gobert*, 463 F.3d at 346 (noting neither unsuccessful treatment nor negligence amount to deliberate indifference). Because Macias has not alleged any substantial harm resulting from the delay, this claim fails to state a constitutional violation.

Besides the cyst and the ingrown toenail, the medical records show that staff examined Macias on average approximately once per month for various complaints including: allergies, anxiety, athlete's foot, back pain, dizziness, dry eyes, a fever, frequent urination, gastrointestinal symptoms, hemorrhoids, hypertension, hyperthyroidism, a toothache, and a wart. Each time,

medical staff evaluated his symptoms, prescribed medication or other treatment, and documented his progress. In response to Macias's complaints, he underwent numerous diagnostic tests including: blood and urine panels, EKGs, x-rays, an ultrasound, a thyroid biopsy, and blood pressure checks. Authenticated "records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Here, Macias's medical records indicate that he "was afforded extensive medical care by prison officials" and his medical records, coupled with his testimony, fail to show that medical staff demonstrated deliberate indifference to his medical needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *see also Banuelos*, 41 F.3d at 235 (finding medical examination and radiologist report rebutted inmate's claim of deliberate indifference).

Macias's claims are based on disagreement with the course of his treatment and demonstrate neither serious medical problems, nor wanton disregard for the same. Macias has not alleged that anyone at the Dalby Facility engaged in the "egregious intentional conduct required to satisfy the exacting deliberate indifference standard." *Gobert*, 463 F.3d at 351–52 (describing the inmate's extensive record of medical treatment and noting the lack of evidence to establish culpable intent). Accordingly, Macias's allegations do not state a constitutional claim for deliberate indifference that warrant an injunction or any other form of relief.

**IV.    Recommendation**

For the foregoing reasons, the undersigned recommends that the United States District Court dismiss Macias's Complaint and all claims therein with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and deny any pending motions.

Dismissal of this action should count as a qualifying dismissal—"a strike"—for purposes of

the three strikes provision of the Prison Litigation and Reform Act (PLRA). Further, the dismissal should not release Macias or the institution of his incarceration from the obligation to pay the previously imposed filing fee. *See Williams v. Roberts*, 166 F.3d 1126, 1128 (5th Cir. 1997). Macias must therefore continue to pay the filing fee in monthly installments as ordered in the PLRA Filing Fee Order entered in this case.

V.   **Right to Object**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:   November 15, 2013.

NANCY M. KOENIG
United States Magistrate Judge